U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 1 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID R. FETT (D.O.C. #486590) | DOCKET NO. 08-CV-1096; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| GEORGE HIGGINS III, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff David R. Fett, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaints pursuant to 42 U.S.C. §1983 on July 29, 2008 and August 18, 2008. [Doc. #1, 3] Plaintiff is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana. He named fourteen individuals as defendants. He seeks an immediate release from custody "pending further investigation and to be flown by Apache Helicopter to the Louisiana Governor's mansion for a ribeye steak dinner!" [Doc. #1, p.2]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff's complaints [Doc. #1, 3] contain over eighty pages of outrageous and outlandish allegations regarding his ten year investigation that began when he learned of fraudulent activity at Briarwood Hospital where he had been a patient three times. Plaintiff alleges that he is a private investigator who moved to

Alexandria in or around the year 1997. Plaintiff states that he sought assistance with his investigation of Briarwood Hospital from the Louisiana Attorney General's Office, several local Alexandria attorneys, and the District Attorney's office for the 9th JDC. His requests for assistance were not taken seriously or were rejected, and he began experiencing "several methods of foul play with being attacked by street gangs, company vehicles being tampered with, and uniformed officers constantley [sic] harassing [Plaintiff], falsifying public records, to eventually false arrests." [Doc. #1, p.6]

Plaintiff alleges that, from 1997 to the present, he has been subjected to multiple "false arrests," several high speed chases involving numerous law enforcement agencies, an attack by a police dog, death threats, illegal traffic stops, searches for buried intelligence, falsified court records, and harassment by "every young officer on the street trying to earn some stripes." [Doc. #1] He claims that several sanity hearings were held and he was subjected to numerous evaluations by "highly scholared frankenstein" doctors. He alleges that his attorneys, George Higgins and Mr. Kutch, provided ineffective assistance. He also claims that he "unknowingly, involuntarily.... discombobulated, cohersed [sic], and threatened" took a nolo contendere plea because he was "outnumbered, outgunned, manipulated, cohersed [sic] and attacked." [Doc. #1, p.23] Plaintiff seeks an immediate release

from custody and demands that he be flown to the Governor's mansion and treated to a steak dinner.

## Law and Analysis

1. Release from Custody

Plaintiff seeks an immediate release from custody. Such relief is not available by way of a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A section 1983 action is appropriate for recovering damages resulting from illegal administrative procedures; **a habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement**. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). However, Plaintiff should note that, before filing a federal habeas corpus action, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).[1] Since the exclusive

---

[1] Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). That is, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990). Specifically, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:
 (1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176.
 (2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15.

federal judicial route to release from custody is habeas corpus, Plaintiff's claim lacks an arguable basis in law or fact.

2. Grievance Process

In reading Plaintiff's complaint liberally, it appears that he is attempting to raise a claim regarding the prison grievance process. As for any complaints Plaintiff may have regarding the administrative remedy procedure at WCC, his claim is frivolous. [Doc. #3, p.4] It is well-settled that inmates do not have a constitutionally protected right to a grievance procedure.[2]

## Conclusion

The facts presented by the plaintiff are fanciful and clearly baseless. His complaint is frivolous. To the extent that Plaintiff seeks an immediate release from custody, he should refer to the information provided in footnote 1 regarding the proper

---

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1).

(4) Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

[2] See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); Reneau v. Dretke, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

procedure for challenging the fact or duration of his confinement.

**IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 19th day of March, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE